NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0434n.06

Nos. 08-4035, 08-4036

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 24, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| BUDGET RENT A CAR SYSTEM, INC., | ) ) | THE NORTHERN DISTRICT OF OHIO |
| Defendant-Appellant/Cross-Appellee. | ) ) ) ) | |

Before: MARTIN and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

KETHLEDGE, Circuit Judge. Budget Rent A Car System, Inc. ("Budget") appeals the district court's grant of summary judgment in favor of Progressive Casualty Insurance Company ("Progressive") on Progressive's declaratory action against Budget. Progressive cross-appeals the district court's decision not to award attorneys' fees. We affirm.

I.

For a number of years, Progressive rented cars from Budget at various corporate-discount rates. To facilitate these rentals, Budget provided Progressive's Travel Services department with several computer codes for Progressive to use in obtaining these discounts when booking rentals.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

It is undisputed that—with Budget's approval—Progressive used certain of the codes, called "AB Codes," to provide discounts for any person whom Progressive wished to receive a corporate discount, regardless of whether that person was a Progressive employee.

In 2004, Progressive solicited bids from several car-rental companies to provide a volume discount specifically for Progressive-employee rentals. Budget won the contract. On April 1, 2004, the parties entered into an agreement (the "Agreement") that provided discounts to Progressive employees renting cars for work-related reasons. The Agreement defined those employees—and only those employees—as "Drivers" whose rentals were subject to the terms of the Agreement. The Agreement did not address, however, the parties' prior practice of extending discounts to non-employees and employees renting for non-business reasons.

The Agreement required Progressive to "carry an insurance policy that covers all rentals of Rental Vehicles made pursuant to this Agreement." The insurer for that policy, the Agreement stated, "will be primary for both liability and physical damage." Further, the Agreement's mutual indemnification clause required each party to

> indemnify, defend and hold harmless the other party . . . from and against any and all suits, actions, [and] claims . . . arising out of or relating to . . . the failure of the Indemnitor or its Agents to discharge any of its duties or obligations under, or to observe and comply with any of its covenants or the limitations on its authority contained in, this Agreement.

The Agreement said nothing, however, about the computer codes that Progressive used to obtain corporate-discount rates.

After the Agreement was signed, Progressive booked rentals the same way it always had, using the computer codes. Budget's computer system did not distinguish between Progressive

employees and other Progressive renters who used the codes. Thus, when a Progressive renter used an AB Code, Budget could not tell whether her or she was a Progressive employee—and thus covered by the Agreement—or not.

Nancy Sevor was a customer, rather than an employee, of Progressive. In 2001, she was involved in a car accident that injured another person. The injured person sued her. Progressive paid for her defense. In June 2004, Progressive asked Sevor to come to New York for a deposition and offered to pay for her trip. Accordingly, Progressive booked her a rental car with Budget, using an AB Code. When Sevor arrived at the Budget rental counter, she was presented with a Rental Agreement that included an automatic waiver of optional insurance. Budget says the waiver was included because Budget's computer system assumed the terms of the Agreement applied to *every* Progressive rental; and the Agreement required Progressive to insure those rentals.

While driving the rental car, Sevor was involved in another serious accident, this time with a motorcyclist, Gregory Bouwens. Bouwens sued both Sevor and the owner of the rental car, PV Holding Corp. Budget notified Progressive of the suit and requested that Progressive indemnify and defend Budget pursuant to its obligations under the Agreement. Progressive refused, asserting that the Agreement did not apply to Sevor's rental because Sevor was not a Progressive employee. Budget thereafter threatened to sue; and Progressive in turn filed this action, seeking a declaration that the Agreement did not apply to the Bouwens litigation. Progressive also sought attorneys' fees.

Budget filed counterclaims, alleging that Progressive had breached the Agreement, and that it negligently misrepresented that the Agreement governed Sevor's rental. Budget also asserted that

equitable estoppel barred Progressive's claim for declaratory relief. Finally, Budget sought a declaration that Progressive had a duty to defend, indemnify, and hold Budget harmless for any liability in connection with Bouwens' lawsuit. Budget too sought attorneys' fees.

After discovery, the parties filed cross-motions for summary judgment. The district court granted Progressive's motion and denied Budget's, finding that the Agreement did not apply to Sevor's rental. The court also denied Progressive's request for attorneys' fees, finding that the contractual attorneys' fees provision—along with the rest of the Agreement—did not apply here.

This appeal followed.

## II.

"This Court reviews a district court's grant of summary judgment *de novo*." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 'show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.'" *Id*., *quoting* Fed. R. Civ. P. 56(c).

Although the parties agree that the Sevor rental fell outside the Agreement—because as a non-employee Sevor was not a "Driver"—Budget argues that Progressive should be estopped from asserting that fact because Progressive accepted a discounted rate for her rental. To prove a claim for estoppel under Ohio law, Budget must show "(1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it induced] actual reliance which is reasonable

and in good faith; and (4) [that the reliance caused] detriment to the relying party." *Helman v. EPL Prolong, Inc.*, 743 N.E.2d 484, 495 (Ohio Ct. App. 2000) (brackets in original).

That test is not met here, because Progressive never represented that Sevor's rental was governed by the Agreement. Progressive instead booked the rental using a code that undisputedly was not exclusive to the Agreement. Budget's own National Account Manager testified that the AB Codes predated the Agreement; that they were not mentioned in the Agreement; that after the Agreement, he would not be surprised to hear that the AB Codes were still being used for non-employees; and that he himself directed that the AB Codes be used by Progressive job applicants. The record therefore establishes, as a matter of law, that Budget knew the AB Codes were not exclusive to the Agreement, and that to some extent it even approved of the practice of using them outside the Agreement. Budget therefore cannot prove that Progressive's use of an AB Code amounted to a representation that the transaction was covered by the Agreement, or that Budget reasonably relied on any such inference. That finding defeats Budget's estoppel claim, and its negligent misrepresentation claim as well.

It bears mention that Budget, a sophisticated party, itself easily could have avoided the difficulty for which it now seeks relief from the courts. Budget could have demanded that the Agreement state that it governed any transaction in which Progressive used an AB Code. Or it could have given Progressive a different code for off-Agreement rentals. Or it could have directed its counter representatives to ask Progressive renters whether they were employees of the company,

rather than have its computer system assume they always were. But Budget chose not to do any of these things; and we will not rewrite the Agreement to function as if Budget did.

Budget's other arguments are likewise without merit, for the reasons stated in the district court's thorough and well-reasoned opinion.

But Progressive, for its part, is not entitled to attorneys' fees. Section 10.01 of the Agreement provides:

> <u>Disputes.</u> Neither party shall seek or be entitled to punitive or exemplary damages in any action, proceeding or counterclaim arising out of or relating to this Agreement. Both parties waive their rights to a jury trial. In the event of litigation, the successful party is entitled to recover its reasonable attorneys' fees and court costs.

Progressive argues that it is entitled to its fees because this litigation "relat[es] to" the Agreement. But the section's "relating to" language pertains only to whether a party may assert a claim for punitive or exemplary damages. The words "relating to" are absent from the sentence governing attorneys' fees. We construe that omission to mean something, namely, that the fees provision is more narrow than the punitives one, and that a successful party is therefore entitled to fees only for litigation arising under the Agreement. As discussed above, Progressive has persuaded us that this litigation does not meet that description.

The judgment of the district court is affirmed.